**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1446
_____

REGINALDO COLINO,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA,

Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A216-407-722 )
Immigration Judge: Irma Lopez Defillo

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 3, 2019
Before:  MCKEE, COWEN, and RENDELL, Circuit Judges

(Opinion filed: July 9, 2019)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Reginaldo Colino, a native and citizen of Brazil, petitions for review of the Board of Immigration Appeals' decision denying his motion to reopen, 8 C.F.R. § 1003.2(c)(1). For the reasons that follow, we will deny the petition for review.

Colino entered the United States on December 1, 1998 with permission to stay until May 31, 1999. On January 5, 2018, the Department of Homeland Security charged him with removability under 8 U.S.C. § 1227(a)(1)(B) for overstaying his visitor's visa. Colino, through counsel, admitted his removability in Immigration Court. The Immigration Judge granted Colino and his counsel two continuances to submit any applications for relief from removal.

At Colino's removal hearing on May 23, 2018, the IJ asked Colino's counsel what relief from removal Colino would be seeking. Colino's counsel stated that Colino did not have any applications for relief from removal, and that any form of relief would be based on his cooperation with law enforcement in a pending criminal case. Colino's counsel asked the IJ for an additional continuance. The IJ declined to grant any further continuances and noted that, if the Government needed Colino to remain in the United States to assist in a criminal prosecution, the Department of Homeland Security could stay his removal or facilitate an application on his behalf for an S-visa.[1] In any event, the

---

[1] An S-visa is a temporary visa that allows a cooperating witness to remain in the United States for three years. Doe v. Holder, 763 F.3d 251, 253 n.2 (2d Cir. 2014) (citing 8 U.S.C. §§ 1101(a)(15)(S)). A law enforcement agency applies for the S-visa on behalf of a cooperating witness. Id. (citing 8 C.F.R. § 214.2(t)).

IJ concluded, Colino's stated cooperation with law enforcement did not render him eligible for relief from removal. The IJ stated that Colino did not appear to be eligible for cancellation of removal because he had no qualifying relatives or eligible for withholding of removal because he did not fear harm upon his return to Brazil, to which Colino's counsel responded, "That's correct, your honor." The IJ told Colino that she did not "foresee any other potential relief" for which he would "qualify for before the court." The IJ asked Colino's counsel if he could "enlighten [her] that there's something that [she was] not seeing." Colino's counsel responded, "I can't, your honor." After counsel indicated that Colino would not be seeking voluntary departure, the IJ asked Colino's counsel, "So [he] wants an order of removal?" As Colino's counsel responded that "[t]hat appears to be" the case, Colino interjected, "That's fine, your honor."

At the conclusion of the removal hearing, the IJ issued a form decision ordering Colino removed to Brazil. On the second page of the form, the IJ checked a box showing that both parties waived appeal. Colino, acting pro se, appealed to the Board of Immigration Appeals, contending that the IJ did not fully consider all of his options for relief. On July 30, 2018, the Board remanded Colino's case because there was no oral or written decision from the removal hearing. On remand, the IJ issued another form decision, writing by hand that she issued a "summary written decision" because Colino "did not seek relief before the court." The IJ also wrote that the "appeal was waived." Colino again appealed to the Board.

3

On September 20, 2018, the Board dismissed Colino's appeal. The Board noted that Colino had waived an appeal and had not argued that his decision to waive his appeal was not a knowing and intelligent one. The Board concluded that the IJ's decision therefore became administratively final upon Colino's waiver of that right, citing, in pertinent part, 8 C.F.R. §§ 1003.3(a)(1), 1003.39.

On December 17, 2018, Colino filed a motion to reopen removal proceedings with the Board, arguing that, on May 23, 2018, the IJ conducted both a removal hearing and a bond determination. Colino claimed that he asked his attorney to reserve his right to appeal the removal order and waive his appeal of the bond determination. Colino argued that the failure to reserve his right to appeal was the result of confusion between his attorney and the IJ, and/or, in the alternative, confusion between him and his attorney, and thus his waiver was not knowing and intelligent. He argued a violation of his due process rights in connection with the loss of his appeal to the Board on the ground that it was "irrational" to waive an appeal of a removal order but reserve an appeal of the denial of a bond determination.

On February 18, 2019, the Board denied Colino's motion to reopen. In rejecting his arguments as meritless, the Board reasoned that Colino had appeared in Immigration Court with counsel, had stated that he was not eligible for any form of relief within the IJ's authority to grant, and, after waiving any right he might have had to voluntary departure, had consented to the issuance of an order or removal. The Board further held that, to the extent that Colino blamed his attorney for waiving his appeal rights, he had

4

not complied with the requirements set forth in <u>Matter of Lozada</u>, 19 I. & N. Dec. 637 (BIA 1988), or explained why he could not do so.

Colino timely petitions for review of the Board's order denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), (b)(1).[2] We review the Board's denial of a motion to reopen for an abuse of discretion. <u>See</u> <u>Contreras v. Att'y Gen. of U.S.</u>, 665 F.3d 578, 583 (3d Cir. 2012). Accordingly, we may reverse the Board's decision "only if the denial is arbitrary, irrational, or contrary to law." <u>Id.</u> (citing <u>Shardar v. Att'y Gen. of U.S.</u>, 503 F.3d 308, 311-12 (3d Cir. 2007)). In his Informal Brief, Colino argues that the Board erred in not addressing his ineffective assistance of counsel claim on the merits, and that counsel's failure to preserve his right to appeal to the Board violated his constitutional right to due process. Petitioner's Informal Brief, at 2, 4, 6.[3]

To make a due process claim under the Fifth Amendment, the alien must show that he was prevented from reasonably presenting his case, and that substantial prejudice resulted. <u>See</u> <u>Fadiga v. Att'y Gen. of U.S.</u>, 488 F.3d 142, 155 (3d Cir. 2007).[4] A Fifth

---

[2] We previously denied Colino's motion for a stay of removal.

[3] Colino does not argue, as he did before the Board, that his waiver of an appeal was not a knowing and intelligent one. Accordingly, this issue is waived. <u>See</u> <u>Chen v. Ashcroft</u>, 381 F.3d 221, 235 (3d Cir. 2004).

[4] The Sixth Amendment right to the effective assistance of counsel does not apply, because immigration proceedings are civil rather than criminal in nature. <u>Id.</u> at 155, 157 & n.23.

Amendment due process claim based on an allegation of ineffective assistance of counsel during removal proceedings must meet certain procedural requirements. See Lu v. Ashcroft, 259 F.3d 127, 132 (3d Cir. 2001). The petitioner must (1) support the claim with an affidavit "that sets forth in detail the agreement that was entered into with former counsel with respect to the actions to be taken on appeal and what counsel did or did not represent to the petitioner in this regard;" (2) inform former counsel of the allegations and provide counsel with the opportunity to respond, and this response should be submitted with the motion alleging ineffective assistance, and (3) state "whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not. Id. (quoting Lozada, 19 I. & N. Dec. at 638). Strict compliance with the requirements may be excused where the petitioner provides a reasonable explanation for his failure to comply, Lu, 259 F.3d at 134.

In Colino's case, he plainly failed to comply with any of the Lozada procedural requirements for raising an ineffective assistance of counsel claim. Moreover, the Board reasonably concluded that his lack of an explanation for this failure was a proper basis for denying the motion to reopen. In particular, Colino provided no evidence showing that he contacted his former counsel, advised former counsel of the allegation of ineffectiveness, or provided former counsel with an opportunity to respond. Colino's failure to notify former counsel of the alleged ineffectiveness and provide him an opportunity to respond is especially significant in view of his contention that it was "irrational" for counsel to have waived an appeal of the removal order and instead have

6

reserved an appeal of a bond denial. Moreover, although Colino argued in his motion to reopen that he told former counsel to reserve an appeal, he did not, as required under Lozada, make this claim in an affidavit. Colino also did not provide evidence showing that he filed a bar complaint against his former counsel, or provide an explanation for why he had not done so. Accordingly, the Board did not abuse its discretion in denying Colino's motion to reopen, see Contreras, 665 F.3d at 583; Shardar, 503 F.3d at 311-12.

For the foregoing reasons we will deny the petition for review.